IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS CARTER ANDERSON,

    Plaintiff,                        No. CIV S-03-0817 MCE KJM P

    vs.

W. HARTLEY, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Several matters are before the court. A hearing was held with respect to plaintiff's February 3, 2006 motion to compel and plaintiff's March 1, 2006 motion to compel on September 26, 2006. At the hearing, Deputy Attorney General Catherine Woodbridge appeared for defendants Hernandez, Morrison and Pai; plaintiff appeared telephonically.

I. <u>Background</u>

        On September 30, 2005, the court screened plaintiff's September 17, 2004 amended complaint under 28 U.S.C. § 1915A(a). The court found that service of process was appropriate for defendants Hernandez, Morrison and Pai. The court also found that plaintiff's

/////

complaint states causes of action under the Eighth Amendment against defendants Hernandez, Morrison and Pai and under the First Amendment against defendant Pai.

In the amended complaint, plaintiff alleges defendants Hernandez and Morrison, both California Department of Corrections (CDC) correctional officers, were deliberately indifferent to plaintiff's safety because they ignored a water leak in plaintiff's cell. Am. Compl. at 6-8. As a result of the leak, water accumulated in plaintiff's cell causing plaintiff to slip and fall in late 2001, and then again early in 2002. Id. at 8.

Plaintiff alleges defendant Pai, a CDC physician, was deliberately indifferent to plaintiff's medical needs by abruptly terminating plaintiff's narcotic medication causing plaintiff to suffer severe symptoms of withdrawal. Id. at 9, 17-18. Plaintiff claims Dr. Pai did this in retaliation for plaintiff's filing a lawsuit against another prison staff member and complaining about prison conditions. Id. at 17-18.

Defendants Morrison and Pai filed their answer on December 9, 2005. Defendant Hernandez filed his answer on January 31, 2006.

II. Plaintiff's Request For Leave To File Second Amended Complaint

On January 9 and January 17, 2006, plaintiff filed motions for leave to file a second amended complaint. Plaintiff's motions will be denied as plaintiff has made no attempt to justify the nearly sixteen month delay in seeking leave to amend after plaintiff filed his first amended complaint on September 17, 2004. See Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (in determining whether to grant leave to amend, factors to be considered include undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies through prior amendments, undue prejudice to the opposing party and futility). Although there is no indication of plaintiff's bad faith or dilatory motive, defendants would be prejudiced by the further delay in litigation that would be occasioned by allowing amendment at this time. Id. At the same time, the proposed amendments do not alter the nature of the claims, with one exception, namely the addition of a defendant, Officer Hartley. With regard to this defendant,

any amendment would be futile as plaintiff's proposed second amended complaint fails to state a claim against Hartley upon which relief can be granted.  See 28 U.S.C. § 1915A(b)(1).

III.  Plaintiff's February 3, 2006 Motion To Compel

Plaintiff asks that the court compel defendants to provide further answers to several requests for discovery.  Plaintiff argues that in several respects defendants' answers are evasive and incomplete.

   A. Interrogatories

First, plaintiff asks that defendant Morrison be ordered to provide further answers to interrogatories 2 and 3.  The court has reviewed Morrison's responses and finds that they are responsive to the questions propounded.  Mot., Ex. A at 2.  Morrison will not be ordered to provide further substantive responses to plaintiff's interrogatories.

Next, plaintiff requests that defendant Pai be ordered to provide a further answer to interrogatory 3.  However, the court finds that Pai's answer to interrogatory 3 is not evasive or incomplete, given that the question propounded is a general question and not tailored to plaintiff's medical case.  Mot., Ex. B at 2.  Pai will not be ordered to provide further substantive responses to plaintiff's interrogatories.

The court, however, notes that at least some of defendants' answers to plaintiff's interrogatories were not verified by defendants themselves as required by Federal Rule of Civil Procedure 33(b).  Defendants will be ordered to provide verifications to all answers to interrogatories within twenty days.

   B. Document Requests

Plaintiff requests that defendant Morrison be ordered to provide further responses to requests to produce numbers 1 through 5 and 7 through 12, and that defendant Pai be ordered to provide further responses to requests to produce numbers 1 through 3, 5 and 7 through 13, in plaintiff's first set of document requests.

/////

Defendants Pai and Morrison assert they should not be ordered to provide further responses to plaintiff's requests to produce because plaintiff did not make an attempt to "meet and confer" with defendants Pai or Morrison, or their counsel, prior to filing his motion to compel. Opp'n at 3:17-26. However, in this court's December 29, 2005 discovery order, the parties were informed that Local Rule 37-251, which requires, among other things, that parties meet and confer before a motion to compel is filed, will not apply in this case. Because plaintiff is incarcerated, requiring that the parties meet and confer before the filing of a motion to compel is simply not practical.[1]

Pai and Morrison also assert that they have no access to any of the documents requested by plaintiff other than the documents they have already produced. Opp'n at 4:18-19. Defendants claim the documents are in the "custody, control and possession" of the CDC and if plaintiff wants access to the documents he must subpoena them from CDC. Opp'n at 4:19-20. At the September 26, 2006 hearing, counsel for defendants asserted that Morrison does not have access to any of the documents requested because Morrison no longer works at the California Medical Facility (CMF), which is the facility where the events alleged in plaintiff's amended complaint occurred. However, on September 27, 2006, counsel for defendants filed a declaration indicating Morrison does still work at CMF. Therefore, the court deems defendants' argument, that Morrison does not have access to the documents requested, withdrawn.

With respect to plaintiff's request that defendant Morrison be directed to provide further responses to plaintiff's requests for production of documents, the court will grant the requests as to the following:

1. Any documents directing what actions should be taken by a correctional officer at CMF if a water leak occurs in a cell. (Request Nos. 1, 7, 8 & 11.)

---

[1] Defendants assert that plaintiff's failure to "meet and confer" is a basis to deny all of the motions to compel addressed in this order. The court rejects defendants' argument with respect to every motion to compel addressed herein.

2. Any documents indicating plaintiff complained to correctional officers about there being a water leak in plaintiff's cell between September 2001 and March 2002.  (Request No. 10.)

3. Any documents, except for documents found in plaintiff's CDC medical file, concerning injuries sustained by plaintiff when he slipped and fell in his cell on December 31, 2001 and January 23, 2002.  (Request Nos. 4 & 9.)

4. Any documents that show there were plumbing problems in the P1 Housing Unit at CMF between September 2001 and March 2002.  (Request No. 10.)

Plaintiff's motion to compel further responses to his requests for production from defendant Morrison will be denied in all other respects because to the extent they request more information they are overbroad, vague, or not likely to lead to the discovery of admissible evidence concerning plaintiff's claims against defendant Morrison.  See Fed. R. Civ. P. 26(b)(1).

With respect to plaintiff's request that defendant Pai be directed to provide further responses to plaintiff's requests for production of documents, the court will order defendant Pai to produce documents responsive to request to produce numbers 2 and 12, if any exist.  With respect to request 2, Pai need only produce documents that show guidelines for tapering inmates off pain medications similar to those taken by plaintiff before defendant Pai discontinued plaintiff's prescription for those drugs.  If, to the best of defendant Pai's knowledge, such documents do not exist at all, defendant Pai shall provide plaintiff with a declaration in which Pai verifies as much.  If defendant Pai does not have access to such documents, Pai shall provide plaintiff with a declaration verifying such lack of access.  Plaintiff's motion to compel further responses to his requests for production by defendant Pai will be denied in all other respects as overbroad, vague, or not likely to lead to the discovery of admissible evidence concerning plaintiff's claims against defendant Pai.

Finally, defendants assert that they have subpoenaed some of the records sought by plaintiff from CDC, including records from plaintiff's CDC medical file.  Opp'n at 4:20-23.

5

1  At the September 26 hearing, counsel for defendants indicated she is willing to provide plaintiff
2  with a copy of those documents.  Good cause appearing, the court will order defendants Morrison
3  and Pai to turn over any documents subpoenaed by their counsel in this action that are responsive
4  to plaintiff's discovery requests.[2]

5  IV.  Plaintiff's February 9, 2006 Motion To Compel

6  Plaintiff asks that defendants Morrison and Pai be ordered to respond further to
7  requests to produce numbers 1 through 4 found in plaintiff's second request for production of
8  documents.  Defendants Morrison and Pai assert a number of objections.  The court finds that the
9  requests found in plaintiff's second request for production are either too vague, overbroad or are
10 not likely to lead to the discovery of admissible evidence.  Id.  Plaintiff's February 9, 2006
11 motion to compel will be denied in its entirety.

12 V.  Plaintiff's March 1, 2006 Motion To Compel

13 In his third motion to compel, plaintiff seeks a further response to four other
14 requests to produce.  In light of the fact that the court is ordering defendants to produce
15 documents in response to plaintiff's February 3, 2006 motion to compel, the court will not order
16 a further response as a result of the March 1, 2006 motion, as much of the information sought is
17 the same.  To the extent it is not, plaintiff's requests to produce are overbroad, vague, or not
18 likely to lead to the discovery of admissible evidence.  Id.

19 VI.  Plaintiff's March 1, 2006 Motion For An Extension Of Time To Conduct Discovery

20 Plaintiff requests an extension of time to conduct more discovery.  However,
21 plaintiff has failed to offer any reason why he needs to request more information from defendants

---

[2] Given that it is plaintiff requesting his own health records, the court need not reach the question of whether defendants' counsel's position with regard to limitations or restrictions on discovery imposed by HIPAA (Health Insurance Portability and Accountability Act), articulated at the September 26 hearing and confirmed in the September 27 filing, is well taken.  The court notes, however, that HIPAA and its implementing regulations appear to provide for the disclosure of health information in litigation subject to certain straightforward preconditions. See 42 U.S.C. § 1320d et seq.; 45 C.F.R. § 164.512(e).

once his motions to compel are resolved.  Plaintiff's request will be denied.

## VII. Defendants' June 8, 2006 Motion For Summary Judgment

Defendants have filed a motion for summary judgment.  In light of the fact that the court is ordering defendants to provide further discovery responses, defendants' motion will be denied without prejudice to renewal no earlier than sixty days, and no later than ninety days, from the date of this order.  Defendants may renew their motion simply by informing the court of such renewal in a written notice.  The court also will vacate the dates established in the court's December 29, 2005 scheduling order for the filing of pretrial statements, pretrial conference, and trial.  Those dates will be reset, if necessary after any motions for summary judgment are resolved.

## VIII. Plaintiff's July 6, 2006 Motion To Compel

On June 21, 2006, defendants Morrison and Pai sent plaintiff supplemental responses to plaintiff's first request for production of documents numbers 4 and 6.  Plaintiff's motion objects to the supplemental responses as incomplete and evasive.  On December 29, 2005, plaintiff was informed that all motions to compel discovery had to be filed by April 14, 2006.  In any case, plaintiff's objections to defendant Morrison and Pai's supplemental responses are not directed solely to the supplemental responses, but stem from the nature of defendants' initial responses.  To the extent plaintiff raised his objections in earlier motions to compel they are addressed above.  To the extent he did not, plaintiff's motion is not timely and the court finds there is not good cause to allow consideration of the motion beyond the discovery cutoff.

## IX. Plaintiff's August 16, 2006 Request For The Appointment Of Counsel

Finally, plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

1  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court
2  does not find the required exceptional circumstances. Plaintiff's request for the appointment of
3  counsel therefore will be denied.
4         In accordance with the above, IT IS HEREBY ORDERED that:
5         1. Plaintiff's January 9 and January 17, 2006 motions for leave to file a second
6  amended complaint are denied.
7         2. Defendants shall provide verifications to all of their answers to plaintiff's
8  interrogatories as required under Federal Rule of Civil Procedure 33(b) within twenty days of this
9  order.
10        3. Plaintiff's February 3, 2006 motion to compel is granted in part and denied in
11 part as follows:
12          A. Within twenty days of this order:
13            i. Counsel for defendant Pai and Morrison shall provide plaintiff
14            with documents obtained through subpoena in this action that are
15            responsive to any of plaintiff's requests to produce.
16            ii. Defendant Morrison shall produce:
17              a. Any documents directing what actions should be taken
18              by a correctional officer at the California Medical Facility if
19              a water leak occurs in a cell.
20              b. Any documents indicating plaintiff complained to
21              correctional officers about there being a water leak in
22              plaintiff's cell between September 2001 and March 2002.
23              c. Any documents concerning injuries sustained by
24              plaintiff, except for documents found in plaintiff's
25              California Department of Corrections medical file, when
26

                plaintiff slipped and fell in his cell on December 31, 2001 and January 23, 2002.

                d.  Any documents that show there were plumbing problems in the P1 Housing Unit at the California Medical Facility at any time between September 2001 and March 2002.

        iii.  Defendant Pai shall produce:

                a.  Documents responsive to request to produce number 12 found in plaintiff's first request for production of documents.

                b.  Documents responsive to request to produce number 2 found in plaintiff's first request for production of documents, but limited to guidelines for tapering inmates off pain medications similar to those taken by plaintiff before defendant Pai discontinued plaintiff's prescription for those drugs.

                c.  If, to the best of defendant Pai's knowledge, these documents do not exist, or defendant Pai does not have access to such documents, Pai shall provide plaintiff with a declaration verifying as much.

    B.  Plaintiff's motion is denied in all other respects.

4.  Plaintiff's February 9, 2006 motion to compel is denied.

5.  Plaintiff's March 1, 2006 motion to compel is denied.

6.  Plaintiff's March 1, 2006 motion for an extension of time to conduct discovery is denied.

/////

7. Defendants' June 8, 2006 motion for summary judgment is denied without prejudice to renewal no earlier than sixty days from the date of this order and no later than ninety days.

8. The dates established in the court's December 29, 2005 scheduling order for the filing of pretrial statements, pretrial conference, and trial are vacated to be reset if and when necessary.

9. Plaintiff's July 6, 2006 motion to compel is denied.

10. Plaintiff's August 16, 2006 request for the appointment of counsel is denied.

DATED: September 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
ande0817.mta(2)